UNITED STATES of America,
Appellee,

v.

David GREENBERG, also known as Dez; Joseph Levy, also known as Jo Mo; Melody Anne Jones, also known as Miss Melody; Kimlee Torres; Matthew Cardinale, also known as Matt Date, Rob Brenton, also known as Rob Rewind; Nick Valle, also known as Fly; Jesse Ferraro; Christian Woych, also known as Cheddar, Justin Woych, Defendants,

Joseph Lamonica, also known as
Joey, Defendant–Appellant.

Docket No. 01–1387.

United States Court of Appeals,
Second Circuit.

March 29, 2002.

Linda A. Lacewell, Assistant United States Attorney, Eastern District of New York, (Susan Corkery, Assistant United States Attorney, Eastern District of New York, of counsel), for the United States.

Bernard V. Kleinman, (Roy L. Kulscar, of counsel), White Plains, NY, for Defendant–Appellant.

Present FEINBERG, OAKES, and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Joseph Lamonica appeals from the judgment of the District Court for the Eastern District of New York (John Gleeson, *Judge*) dated June 29, 2001, convicting him of conspiracy to distribute and possess with intent to distribute MDMA upon his guilty plea and sentencing him principally to 121 months in prison. Lamonica appeals his sentence, arguing that the District Court acted improperly by enhancing the sentence for obstruction of justice and refusing to grant a downward departure for acceptance of responsibility. The District Court made those sentencing determinations after finding that Lamonica threatened the life of a government cooperator, Jeffrey Glickman, in retaliation for that witness's cooperation with the government.

Lamonica does not dispute that if he threatened to kill Glickman in retaliation for cooperating with the government, then the District Court correctly sentenced him. Instead, Lamonica argues that the District Court had an inadequate factual basis for making this finding. Lamonica concedes, however, that the circumstances surrounding what happened between him and Glick-

man "remain in dispute." Under his preferred interpretation of events, he lacked the requisite intent to obstruct justice or intimidate a witness.

We will disturb the District Court's findings of fact in a sentencing matter only if the findings are "clearly erroneous." *See United States v. Fernandez*, 127 F.3d 277, 283 (2d Cir.1997). We find ample evidence in the record to support the court's conclusion that Lamonica, contrary to his version of events, threatened Glickman's life in retaliation for Glickman's cooperation with the government. Most strikingly, Glickman testified that Lamonica screamed at him, "You said my name to Linda Lacewell [the AUSA on the case]. I know who you are. Remember my face.... I'm going to fuckin' kill you." Based on Glickman's testimony and the testimony of other witnesses, we find no clear error in the District Court's factual findings.

In light of the fact that Lamonica threatened to kill Glickman because he cooperated with the government, the District Court properly enhanced Lamonica's sentence for obstruction of justice and correctly refused to grant a downward departure for acceptance of responsibility. *See United States v. Rivera*, 971 F.2d 876, 893 (2d Cir.1992); *United States v. McLeod*, 251 F.3d 78, 83 (2d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 304, 151 L.Ed.2d 226 (2001). We therefore AFFIRM the judgment of the District Court.